UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

WINIFRED BROOKS, et al.,

                Plaintiffs,

       v.

CITY OF ROCHESTER, New York, et al.,

                Defendants.
_____

<u>ORDER</u>

09-CV-6649CJS

        On December 17, 2009, plaintiffs Winifred Brooks ("Brooks"), Rachel Brooks, Jaavaid Brooks, individually and as parent and natural guardian of Jayeeir Brooks, an infant, commenced this action against the City of Rochester and various police officers alleging constitutional violations, including false arrest and excessive force, arising out of an incident that occurred on September 18, 2008. (Docket # 1). On November 3, 2010, prior counsel for the plaintiffs filed a motion to withdraw as counsel. (Docket # 8). The motion was denied on the grounds that a proposed settlement had been reached between the parties. (Docket # 17). The denial was without prejudice to renewal in the event that the case was not ultimately resolved by the proposed settlement. (*Id.*). The case was not resolved, and this Court subsequently granted plaintiffs' counsel's motion to withdraw as counsel. (Docket # 24).

        Currently pending before this Court is plaintiffs' motion for the appointment of counsel. (Docket # 25). In the motion, Brooks expresses dissatisfaction with her prior attorney's communication with her during the previous settlement negotiations. (*Id.* at 2). Defendants originally opposed plaintiffs' motion for appointment of counsel (Docket # 26), but subsequently withdrew their opposition (Docket # 29). Both parties have indicated to the Court that they are

amenable to continued settlement negotiations, and Brooks reaffirmed the desire to be represented by new counsel to assist her in evaluating and negotiating a settlement.

It is well-settled that there is no constitutional right to appointed counsel in civil cases. Although the Court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying

dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law and finds, pursuant to the standards promulgated by *Hendricks*, 114 F.3d at 392, and *Hodge v. Police Officers*, 802 F.2d at 58, that appointment of counsel for purposes other than assisting in settlement negotiations is not necessary at this time. As stated above, a plaintiff seeking the appointment of counsel must demonstrate a likelihood of success on the merits. *See id.* This, plaintiffs have failed to do. Moreover, the legal issues in this case do not appear to be so complex as to warrant appointment of counsel, nor does it appear that conflicting evidence will implicate the need for extensive cross-examination at trial. Finally, plaintiffs' case does not present any special reasons justifying the assignment of counsel.

Given the parties' willingness and interest in continued settlement negotiations, however, this Court will exercise its discretion to appoint counsel for the sole purpose of assisting plaintiffs in evaluating, negotiating and executing a settlement of this action.

For these reasons, plaintiffs' request for the appointment of counsel **(Docket # 25)** is **GRANTED in part and DENIED in part**. The Court hereby assigns Gary Muldoon, Esq., 144 Exchange Blvd., Suite 402, Rochester, New York 14614, *pro bono*, to faithfully and

diligently represent the plaintiffs in this case **for the sole purpose of assisting the plaintiffs in evaluating, negotiating and executing a settlement of this action**.

A **telephone conference** will be held with counsel and the undersigned on **August 8, 2013**, at **11:40 a.m.**, to discuss the status of the case and the possibility of settlement. **Chambers will initiate the conference call.**

**IT IS SO ORDERED.**

                                        *s/Marian W. Payson*
                                            MARIAN W. PAYSON
                                          United States Magistrate Judge

Dated: Rochester, New York
        July   30  , 2013